Filed 1/21/16  P. v. Holbert CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079551 |
| Plaintiff and Respondent, | (Super. Ct. No. CM042612, CM042860) |
| v. | |
| NATHAN MICHAEL HOLBERT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Nathan Michael Holbert has asked us to review this case pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm the judgment, but direct correction of the abstract in several respects to conform to the judgment as orally pronounced.

**BACKGROUND**

Defendant sold methamphetamine to a friend in the parking lot of a casino.  The transaction was recorded on a casino security camera.

1

In case No. CM042612, defendant was charged with possession of methamphetamine for sale (Health & Saf. Code, § 11378) and a prior prison term enhancement (Pen. Code, § 667.5, subd. (b)).[1] He was released on bail and ordered to appear on March 11, 2015, for preliminary hearing. He failed to appear.

In case No. CM042860, defendant was charged with willful failure to appear (§ 1320.5) and an on-bail enhancement (§ 12022.1).

In each case, defendant entered a plea of guilty to the underlying charge in exchange for dismissal of the enhancement with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

The trial court sentenced defendant to state prison for an aggregate term of three years eight months (the upper term of three years for the possession for sale offense plus one-third the midterm or eight months for failure to appear). The court imposed various fees and fines and awarded presentence credit.

Defendant appeals without a certificate of probable cause.

### DISCUSSION

Counsel filed an opening brief that sets forth the facts of the cases and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

The abstract of judgment erroneously reflects that the trial court imposed an $850 fine pursuant to section 672 in case No. CM042860. At sentencing, the court specifically declined to impose that fine. The court did, however, orally impose the mandatory $30 conviction assessment (Gov. Code, § 70373) and $40 court operations assessment

---

[1] Further undesignated statutory references are to the Penal Code.

2

(§ 1465.8) in case No. CM042860, neither of which is reflected on the abstract of judgment. We direct the abstract be corrected accordingly, and also suggest the trial court correct its internal records, including the corresponding minute order. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment as described by this opinion and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


    /s/

Duarte, J.


We concur:


    /s/

Hull, Acting P. J.


    /s/

Hoch, J.